*1030 OPINION.
McMahon:
The only issue raised by this proceeding is whether petitioner is entitled to a greater deduction in 1924 than that allowed by respondent as a loss upon his investment in the Iceless Machine Company. The parties are in agreement that petitioner’s investment in the preferred and common stock of the Machine Company amounted to $230,488.40; that in 1918 petitioner received a liquidating dividend upon his preferred stock in the amount of $2,000; and that in 1924 petitioner sold, for $100, whatever interest he had in the assets of the Machine Company then held by the liquidating trustees.
It is the position of the respondent that all of the petitioner’s loss was not sustained in the year 1924, but that most of it was sustained in 1920. He contends that the common stock of the Machine Company became worthless in 1920, and refers to the findings of fact and opinion in Wilford C. Saeger, 9 B. T. A. 890, a copy of which was introduced in evidence, without objection, in this proceeding.
From the evidence it appears that when the liquidating trustees paid a 40 per cent liquidating dividend on the preferred stock of $34,500 par value, there were left in their hands only about $3,000 in cash, some small accounts receivable, some patents and some remaining machines and spare parts. These assets would have to be applied *1031 in satisfaction of the claims of the holders of preferred stock of the par value of $20,700 before the holders of common stock would receive any liquidating dividend. From the evidence we can not determine that these assets had a value in excess of the par value of the remaining preferred stock. The petitioner has therefore failed to show that his common stock in the Machine Company did not become worthless prior to the year 1924. See Harry H. DeLoss, 6 B. T. A. 784; affd., DeLoss v. Commissioner, 28 Fed. (2d) 803; certiorari denied, 279 U. S. 840. See also Wilford C. Saeger, supra. The respondent has already allowed the petitioner a deduction in the amount of $2,900, representing loss on his investment in the preferred stock of the Machine Company. We must approve the respondent’s determination.

Judgment will be entered for the respondent-.